UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
UNITED STATES OF AMERICA,

                Plaintiff,        12-CV-6528

     v.                           **DECISION AND ORDER**

$5,227.00 UNITED STATES CURRENCY

                Defendant,
_____

## **INTRODUCTION**

Plaintiff, the United States of America, ("Plaintiff"), brings this civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6), seeking forfeiture of the sum of $5,227.00, seized on April 13, 2012 pursuant to a search warrant executed at 3158 Ontario Center Road, Walworth, New York. (Docket No. 1.) Jose Cubi, Tiesha Cubi and Melvis Roman ("Claimants"), through their attorneys, Michael D. Flowerday and Gilbert R. Perez, contested the forfeiture and filed answers to the complaint on December 10, 2012 and December 18, 2012. (Docket Nos. 5-6.) Claimants, however, have not filed a claim pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), which govern this proceeding. Plaintiff now moves to strike the Claimants' answers and for a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. For the reasons discussed herein, Plaintiff's motion to strike the Claimants' answers is granted, and its motion for a default judgment is denied without prejudice to renew.

**BACKGROUND**

Plaintiff filed a verified complaint on October 1, 2012 and gave notice pursuant to Supplemental Rule G to the Claimants through their attorney, Michael D. Flowerday. (Pl. Aff. ¶¶ 2, 4.) Claimants were notified that they were required to file a claim with the Clerk of the United States District Court for the Western District of New York pursuant to Supplemental Rule G(5) by November 23, 2012. (Pl. Aff. ¶ 5). Claimants requested, and the Plaintiff agreed, to extend the deadline, first through December 7, 2012 and again through December 10, 2012. Claimants failed to file a claim by December 10, 2012 and have not filed a claim as of the date of this Decision and Order. (Pl. Aff. ¶ 8-10, Docket Nos. 1-14.) Claimants filed answers to the complaint on December 10, 2012 and December 18, 2012. (Docket Nos. 5-6.)

**DISCUSSION**

Supplemental Rule G(5)(a) requires that a "person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." A person filing a claim must also file an answer to the complaint. Supp. R. G(5)(b). Strict compliance with the rules is generally required. See U.S. v. $27,601.00 U.S. Currency, 800 F.Supp.2d 465, 467 (W.D.N.Y. 2011). "Where a claimant fails to comply with the procedural requirements of the Supplemental Rules, his claim may be

stricken for lack of statutory standing." Id. (citing United States v. Cambio Exacto, S.A., 166 F.3d 522, 526 (2d Cir.1999).

Here, Claimants filed answers to the complaint, but failed to file a claim as required by the Supplemental Rules. Claimants acknowledge this failure, but contend, without citing to any authority, that the Plaintiff's actual notice of the claim is sufficient for this Court to dispense with the requirement to file a claim under the Supplemental Rules. (Pl. Response ¶ 4.) Claimants also make substantive arguments relating to why the monies were unlawfully seized, however, such arguments are irrelevant at this stage in the litigation. Claimants have not provided any reason for their failure to comply with the Supplemental Rules such that this Court could find excusable neglect and dispense with the procedural requirements. See Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366-367 (2d Cir. 2003) ("the equities will rarely if ever favor a party who "fail[s] to follow the clear dictates of a court rule" and ... where "the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose...."). Further, the Court does not find that the Plaintiff's actual notice of a possible claim is sufficient to dispense with the requirements of the Supplemental Rules. See In re City of Philadelphia Litigation, 123 F.R.D. 515, 520 (E.D. Pa. 1988)(holding that actual notice is not a substitute for adhering

to the procedural requirements of the Federal Rules of Civil Procedure).

Therefore, because Claimants failed to file a claim as is required by the Supplemental Rules, and because they have failed to establish excusable neglect, Plaintiff's motion to strike Claimants' answers is granted. Plaintiff also seeks a default judgment, but it has not demonstrated that it has met the requirements under Rule 55 of the Federal Rules of Civil Procedure for the Court to grant a default judgment at this time. Accordingly, the Plaintiff's motion for a default judgment is denied without prejudice to renew.

## **CONCLUSION**

For the reasons discussed herein, this Court grants Plaintiff's motion to strike the Claimants' answers to the complaint. Plaintiff's motion for a default judgment is denied without prejudice to renew.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ MICHAEL A. TELESCA  
HON. MICHAEL A. TELESCA  
United States District Judge

Dated: Rochester, New York  
June 5, 2013